UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Willie E. Waters, | Civ. No. 08-12 (JRT/JJK) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kmart Corporation, | |
| Defendant. | |

Stephen C. Fiebiger, Stephen C. Fiebiger & Associates, Chartered, 2500 West County Road 42, Suite 190, Burnsville, Minnesota, 55337, for Plaintiff.

Reagan W. Oden, Littler Mendelson, P.C., 80 South Eighth Street, Suite 1300, Minneapolis, Minnesota, 55402-2136, for Defendant.

JEFFREY J. KEYES, United States Magistrate Judge

This matter comes before the Court on Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's claims under the Americans with Disabilities Act (hereinafter ADA), for failure to state a claim upon which relief may be granted. This motion has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. (Doc. No. 29.) For the reasons set forth below, this Court recommends that the Court deny Defendant's motion.

### I. FACTUAL AND PROCEDURAL HISTORY

The following are the background facts set forth in the complaint and amended complaint which, for purposes of the rule 12(b)(6) motion, are assumed to be true. Plaintiff Willie E. Waters is an African-American man who worked for Defendant Kmart Corporation (hereinafter Kmart) from May 29, 2001, to

1

November 9, 2006, as a "putaway driver." His duties involved working in a warehouse and operating a forklift. On or about March 14, 2005, Plaintiff, who suffers from diabetes and high blood pressure, suffered a work-related injury to his shoulder, which resulted in a workers' compensation claim. Later, in early November 2006, he made an inquiry to Patti Howe, of Defendant's human resources department, concerning the possibility of reopening that claim after experiencing further pain in the same shoulder. Late in the afternoon on November 6, 2006, Plaintiff underwent an emergency tooth extraction and, on account of his high blood pressure and blood-thinning medication that he was receiving, he was unable to report to work on his next shift that evening. He called and reported this to his supervisor and obtained a medical excuse from his physician, which he provided to Defendant. On the following day, November 7, 2006, he reported to work two hours late. At that time, however, according to Defendant, Plaintiff had only 1.1 hours of unpaid time off remaining. On November 9, 2008, Howe left a telephone message for Plaintiff informing him that, because he had exceeded his available unpaid time off, he was being discharged. Plaintiff returned Howe's call, reminding her of his physician's excuse and, alternatively, offering to use his available vacation hours to cover the 0.9-hour difference. Howe refused to accept this, and Plaintiff was discharged on November 9.

Plaintiff brought his allegations of race- and disability-based discrimination against Defendant before the United States Equal Employment Opportunity

Commission (hereinafter EEOC) on November 16, 2006.  Representing himself, he initiated proceedings before the EEOC by filing a form titled "Charge of Discrimination" with the Minnesota Department of Human Rights.  On that form, he asserted claims under the ADA as well as under Title VII.  Plaintiff did not prevail before the EEOC, and, on October 3, 2007, he was issued a "Notice of Dismissal and Right to Sue" by the EEOC.  He had 90 days (until January 3, 2008) to file a lawsuit based on claims raised in the Charge of Discrimination.  42 U.S.C. § 2000e-5(f)(1)(a); 42 U.S.C. § 1217(a).

Still without assistance of counsel, Plaintiff filed his complaint in this Court on January 2, 2008, using a form available from this Court for *pro se* litigants titled "Title VII Complaint and Motion for Other Relief."  (Doc. No. 1.)  The form provides space for the party to indicate one or more of five bases of discrimination, namely, race, color, gender, religious beliefs, and national origin.  The form does not provide an option to allege disability-based discrimination.  Plaintiff checked the space next to "race," and he attached the "Charge of Discrimination" form that he had filed with the Minnesota Department of Human Rights.  On that form, he had stated: "It is my belief that I have been discriminated against because of my race/black and disability in violation of Title VII of the Civil Rights Act of 1964, as amended and Title I of the Americans with Disabilities Act of 1990, as amended."  (Doc. No. 1, Pl.'s Compl. At 5.)

On April 29, 2008, having obtained counsel, he filed an amended complaint expanding upon the allegations made in his first complaint and

3

including causes of action under Title VII, 42 U.S.C. § 1981, and the ADA. (Doc. No. 4.) His Title VII claim includes allegations that Defendant discriminated against him "in the terms, conditions, privileges and benefits of employment, pay, unequal compensation, harassment, opportunities, and discharge of employment" because of his race. (Doc. No. 4, Pl.'s Am. Compl. at 5.) His § 1981 claim accuses Defendant of depriving Plaintiff of the right to enforce contracts and to the equal benefit of laws relating to the security of persons and property, also on the basis of his race. (*Id.* at 5–6.) His ADA claim alleges that Defendant discriminated against him in the terms, conditions, and privileges of employment, based on his disability, and that Defendant failed to reasonably accommodate his disability. (*Id.* at 6–7.)

On May 12, 2008, Defendant filed an answer to Plaintiff's complaint (Doc. No. 7), and a Rule 12(b)(6) motion to dismiss the complaint for failure to state a claim upon which relief may be granted (Doc. No. 9). On the motion to dismiss, Defendant argues that because the form that Plaintiff used to make his first complaint did not include an ADA cause of action, and because Plaintiff did not assert such a claim *on the form itself*—for instance, by making his allegations in the margins or other available blank space on the form—Plaintiff failed to timely bring his disability-discrimination allegations. Defendant points out that after Plaintiff's discrimination charges were dismissed by the EEOC, the "Notice of Dismissal and Right to Sue" that Plaintiff received from the EEOC advised him that his right to sue would be lost if he failed to bring his claims within ninety days

4

of his receipt of the notice.  Plaintiff filed his first complaint in that period (on the 89th day of the 90 day period), but he filed his amended complaint almost seven months after he received that notice.  Defendant argues, therefore, that Plaintiff brought his ADA claim too late, and that it now should be dismissed with prejudice.

On June 6, 2008, Plaintiff filed a memorandum in opposition to Defendant's motion to dismiss.  (Doc. No. 19.)  Defendant, on June 16, 2008, filed a reply to that memorandum.  (Doc. No. 22.)

## II.  DISCUSSION

Since the ninety-day period passed before Plaintiff amended his complaint, Plaintiff can defeat Defendant's motion to dismiss his ADA claim only if the disability-discrimination allegations in his amended complaint relate back to his first complaint.  Defendant asserts, however, that the ADA violation alleged in Plaintiff's amended complaint cannot relate back to anything in his first complaint because, first, Plaintiff did not assert a disability-discrimination claim in his first complaint, but only a race-discrimination claim; and second, race- and disability-discrimination claims are distinct from each other and rely upon different facts.  Plaintiff, according to Defendant, asserted his ADA claim for the first time, and too late, in his amended complaint.

Crucial to Defendant's position on this motion is Defendant's argument that the Charge of Discrimination which Plaintiff incorporated into his complaint is insufficient to state a disability discrimination claim.  Defendant cites *McKenzie v.*

5

*Lunds, Inc.*, 63 F.Supp.2d 986 (D.Minn. 1999) (Tunheim, J.), for the proposition that age and disability claims are time barred and cannot relate back to a prior complaint when the sole claim in the original complaint alleged violations of Title VII. Defendant also cites an Eighth Circuit Court of Appeals decision holding that claims of discrimination based on disability are not "like or reasonably related to" race-based claims. *Syrus v. Harborview Mercy Psych. Hosp.*, 14 Fed.Appx. 747 (8th Cir. 2001). But neither of these cases involve a situation like the one at hand, where Plaintiff attached to the complaint the Charge of Discrimination form which clearly and specifically set forth the ADA claim. In *McKenzie*, the Plaintiff made only a Title VII claim, and the Court held that his subsequent attempts to make an age-discrimination claim did not relate back to his original pleading, because there was nothing for his age-discrimination claim to relate back to. The Plaintiff in that case did not attach a Charge of Discrimination form which set forth an allegation of a violation of the ADA.

In this case, in contrast, the disability-discrimination allegations made in Plaintiff's amended complaint relate back to the ADA claim he asserted in the Charge of Discrimination that he incorporated into his first complaint. Fed. R. Civ. P. 15(1)(B). Defendant attempts to overcome this important difference by arguing that this Court's inquiry should not extend beyond the four corners of the complaint form provided by the clerk's office that Plaintiff filled out. That argument, however, is unpersuasive. Defendant cites no authority for that argument, and this Court has not found any case law supporting it. To the

6

contrary, it is well-established that "[i]n civil rights actions, pleadings are to be liberally construed." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). *Pro se* litigants' submissions, furthermore, are to be viewed with particular leniency. They must not be held to the same standards as formal pleadings drafted by lawyers, and the technicalities of pleading, in particular, should be disregarded in the interest of justice. *See Toombs v. Bell*, 798 F.2d 297, 298 (8th Cir. 1986), *Wallach v. City of Pagedale*, 359 F.3d 57, 58 (8th Cir. 1966); *see also White v. Kautzky*, 494 F.3d 677, 680 n.1 (8th Cir. 2007) ("we liberally construe *pro se* complaints"). Here, however, even a strict reading of the pleading establishes that the ADA claim in the attached Charge of Discrimination was incorporated into the form complaint to which it was attached.

In determining whether a claim relates back to a prior pleading, the ultimate question is whether the other party or parties received sufficient notice. *See Schrader v. Royal Caribbean Cruise Line, Inc.*, 952 F.2d 1008, 1011–12 (8th Cir. 1991), *McKenzie, supra* at 999. Here, Defendant received sufficient notice of Plaintiff's intent to pursue an ADA claim against Defendant by the attached Charge of Discrimination. Relation back, furthermore, would not prejudice Defendant because Defendant was alerted to Plaintiff's disability-discrimination allegations in the EEOC proceedings.

### III. CONCLUSION

For the reasons set forth above, this Court finds that Defendant's motion to dismiss should be denied. Plaintiff made a reasonable and good-faith effort to

state a disability-discrimination claim in his first complaint by attaching his Charge of Discrimination to the complaint form he was provided by the Clerk's Office. This Court is satisfied by his efforts particularly in light of the fact that the complaint form that he was provided did not include a check-off box for disability discrimination, and the fact that the title of the form is "Title VII Complaint *and Motion for Other Relief*" (emphasis added). Accordingly, Plaintiff stated a claim under the ADA in his first complaint, and that his amended complaint relates back to his first one.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, IT IS RECOMMENDED that:

1. Defendant's motion to dismiss (Doc. No. 9) be **DENIED**.

Dated: July 11, 2008

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 21, 2008, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

9